# IN THE COURT OF APPEALS OF IOWA

No. 19-0904
Filed September 23, 2020

IN THE MATTER OF THE GUARDIANSHIPS OF
J.W. and J.W., Minor Children,

**C.M.,**
    Petitioner-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson,
Judge.

A grandmother appeals the striking of her demand for a jury trial on her
petition to establish involuntary guardianships. **AFFIRMED.**

Barry S. Kaplan and C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown,
for appellant.

S.W., Fort Dodge, self-represented appellee.

L.K., Marshalltown, self-represented appellee.

Kevin M. O'Hare of Peglow O'Hare & See, Marshalltown, attorney and
guardian ad litem for minor children.

Considered by Bower, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**BOWER, Chief Judge.**

A grandmother appeals the striking of her demand for a jury trial contained in her petition to establish involuntary guardianships for her son's children, who are in the legal custody of their mother.[1]  Finding no error, we affirm.

"Actions . . . for the involuntary appointment of guardians and conservators . . . shall be triable in probate as law actions."  Iowa Code § 633.33 (2018).[2]  Our review is therefore for correction of errors at law.  Iowa R. App. P. 6.907.

Iowa Code section 633.551 provides:

> (1) The determination of incompetency of the proposed ward or ward and the determination of the need for the appointment of a guardian or conservator or of the modification or termination of a guardianship or conservatorship shall be supported by clear and convincing evidence.
> (2) The burden of persuasion is on the petitioner in an initial proceeding to appoint a guardian or conservator.  In a proceeding to modify or terminate a guardianship or conservatorship, if the guardian or conservator is the petitioner, the burden of persuasion remains with the guardian or conservator.

Iowa Code section 633.552 provides:

> Any person may file with the clerk a verified petition for the appointment of a guardian.  The petition shall state the following information so far as known to the petitioner.

---

[1] The proposed wards' mother has filed a statement of non-participation in the appeal.

[2] There have been a number of recent amendments to the statutes governing the guardianship of minors.  *See* 2019 Iowa Acts, ch. 56.  Iowa Code chapter 232D (2020) now contains the Iowa Minor Guardianship Proceedings Act.  Effective January 1, 2020, the juvenile court has exclusive jurisdiction over minor guardianships.  Iowa Code § 232D.103 (2020).

This action was governed by the 2018 Iowa Code, which includes a presumption that a parent is the preferred guardian for a child.  *See* Iowa Code § 633.559 ("Except for a minor child for whom the court's jurisdiction over the child's guardianship was established pursuant to transfer of the child's case in accordance with section 232.104, the parents of a minor child, or either of them, if qualified and suitable, shall be preferred over all others for appointment as guardian.").

(1) The name, age and post office address of the proposed ward.

(2) That the proposed ward is in either of the following categories:

(a) Is a person whose decision-making capacity is so impaired that the person is unable to care for the person's personal safety or to attend to or provide for necessities for the person such as food, shelter, clothing, or medical care, without which physical injury or illness might occur.

(b) Is a minor.

Iowa Code section 633.555 states:[3]

All other pleadings and the trial of the cause shall be governed by the rules of civil procedure. The cause shall be tried as a law action, and either party shall be entitled to a jury trial if demand is made therefor as provided by the rules of civil procedure.

The grandmother demanded a jury trial. The district court found that calling a jury was "pointless" because the status of the proposed wards as minors was proved as a matter of law. The court wrote:

Iowa Code section 633.552 sets out the contents of a petition for appointment of a guardian. The petition must allege either impaired decision-making capacity, or that the proposed ward is a minor. The petitions in these two cases allege that the proposed wards are five years old and seven years old. The lawyers agreed that those are the ages of the proposed wards. The proposed wards are thus, as a matter of law, minors.

. . . .

The only issue properly submitted to a jury in this case is whether the proposed wards are minors or not. Here, it is undisputed that they are. The question of whether the parent is not a qualified or suitable caregiver is an aspect of the decisional act of appointing a guardian to be made by the court. Are the children to be left with their natural guardian, the mother, or placed with the potential legal guardian, the grandmother? *See also In re Guardianship of Kliege,* No. 15-0851, 2016 WL 1760729, at *3 (Iowa Ct. App. Apr. 27, 2016) ("Once the criteria for appointment of a guardian has been proved, the district court is afforded discretion in selecting a guardian to

---

[3] Section 232D.106 provides: "The rules of civil procedure shall govern guardianship proceedings concerning a minor who is alleged to be in need of a guardianship except as otherwise set forth in this chapter." The chapter does not provide the right to jury trial in proceedings for a minor guardianship.

appoint."). Because the one issue properly submitted to a jury is undisputed, calling a jury in this case is pointless.

In *In re Guardianship & Conservatorship of Reed*, 468 N.W.2d 819 (Iowa 1991), the supreme court addressed the right to a jury trial on a petition for guardianship under the incapacity alternative of section 663.552(2)(a). The court observed:

> In construing these sections we note that section 633.555 granting a jury trial is followed by a section that states the grounds upon which a guardian can be appointed. Section 633.556 states: "If the allegations of the petition as to the status of the proposed ward and the necessity for the appointment of a guardian are proved, the court may appoint a guardian."
>
> This section vests the court with the authority to appoint a guardian. By use of the word "may" rather than "shall" the legislature has made an appointment discretionary with the court even when the allegations of the petition are proved. The language used forestalls the idea that this at-law action includes the selection of a guardian by a jury. The jury decision in the guardianship proceeding may be rendered in deciding if the allegations of the petition as to the status of the proposed ward are proved and whether there is a necessity for the appointment. *One statutory ground for appointment of a guardian that could be a jury issue is whether the proposed ward is incapable of making important decisions by reason of mental, physical, or other incapacities. Our past cases have indicated this purpose for the statutory right to a trial by jury.* If these questions, that are jury matters, are answered affirmatively, the decisional act of appointing a guardian is then made by the court.

*Reed,* 468 N.W.2d at 822–23 (citations omitted) (emphasis added).

Here the statutory ground alleged is that the proposed wards are minors under section 633.552(2)(b). Where there is no question that the proposed wards are minors, we find no error in the court's denial of a jury trial on that issue. Finding no error, we affirm.

**AFFIRMED.**

Mahan, S.J., concurs; Doyle, J., dissents.

**DOYLE, Judge** (dissenting).

I respectfully dissent. I would reverse the trial court's order striking the jury demand and remand for a jury trial.

The grandmother of her son's two children filed petitions for guardianship of the children after they had been removed from their mother's care. The father consented to the guardianships. The mother moved to stay or dismiss the proceedings. The grandmother demanded a jury. The district court struck the jury demand and set the matters for trial. After a bench trial, the court dismissed the petitions for guardianships. The grandmother appeals the striking of her jury demand and requests remand for a new trial to a jury.

Under section 633.555, a guardianship trial is tried as a law action "and either party shall be entitled to a jury trial if demand is made." In construing sections 633.555 and 633.556,[4] our supreme court determined "in deciding if the allegations of the petition as to the status of the proposed ward are proved *and* whether there is a necessity for the appointment" are jury questions. *In re Guardianship & Conservatorship of Reed*, 468 N.W. 2d 819, 822 (Iowa 1991) (emphasis added).

Even after citing Iowa Code section 633.555 and *Reed*, and acknowledging that the status of the proposed ward and whether there is need for the appointment of a guardian are jury questions, the district court still determined the only jury question was whether the proposed wards were minors. Since it was undisputed

---

[4] Section 633.556 provides, in pertinent part: "If the allegations of the petition as to the status of the proposed ward and the necessity for the appointment of a guardian are proved by clear and convincing evidence, the court may appoint a guardian." Iowa Code § 633.556(1) (2018).

that the proposed wards were minors, the court found calling a jury was pointless and it struck the petitioner's jury demand. I agree with the district court that since the proposed wards' status as minors is undisputed it would be pointless to have a jury decide the status issue. But that still leaves the necessity issue hanging.

The district court held that "[t]he question of whether the parent is not a qualified or suitable caregiver is an aspect of the decisional act of appointing a guardian to be made by the court." Given the discretion granted the court in section 633.556, that is true. But I disagree with the district court's view that the issue of whether the parent is not a qualified or suitable caregiver is not part of the jury's determination that a guardianship is required.

A petition for guardianship must state that "the ward's best interests require the appointment of a guardian," Iowa Code § 633.552(4), and the determination of the need for the appointment of a guardian must be proven by clear and convincing evidence. *Id.* § 633.551(1). Since, "if qualified and suitable" a parent is "preferred over all others for appointment as guardian," *see id.* § 633.559, it follows that the petitioner here must prove the mother is not a qualified and suitable caregiver to establish that the proposed wards' best interests require appointment of a guardian. *See In re Guardianship of M.D.*, 797 N.W.2d 121, 127 (Iowa Ct. App. 2011) (noting the burden to overcome the presumptive parental preference "requires proof that the natural parent is not a qualified or suitable caregiver"). Lack of a qualified and suitable parent as a caregiver requires a guardianship for a minor. So it follows that whether a parent is a suitable and qualified caregiver is part of the necessity question. And necessity for a guardian is a jury question. *See Reed*, 468 N.W. 2d at 822.

The district court was concerned about protecting is discretion. But having a jury determine necessity does not strip from the court its decisional discretion. Once a jury has determined the allegations of the petition as to the status of the proposed ward and the necessity for the appointment of a guardian are proved by clear and convincing evidence, the court *may* appoint a guardian. Iowa Code § 633.556(1) (emphasis added); *Reed*, 468 N.W.2d at 822-23 (if the jury questions "are answered affirmatively, the decisional act of appointing a guardian is then made by the court."); *In re Guardianship of Kliege*, No. 15-0851, 2016 WL 1760729, at *3 (Iowa Ct. App. Apr. 27, 2016) ("Once the criteria for appointment of a guardian has been proven, the district court is afforded discretion in selecting a guardian to appoint."). So even if a jury finds that a petitioner proved all the allegations of the petition, including necessity, under the discretion granted to it by the legislature, the court is not required to appoint a guardian—it may appoint a guardian. And I am aware of no authority that prohibits a court from considering whether a parent is or is not a qualified or suitable caregiver as an aspect of its decisional act of appointing a guardian.

I therefore conclude the district court erroneously struck the grandmother's jury demand. I would reverse and remand for a jury trial.